IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| McKezion Williams, | ) |
| Plaintiff, | ) Civil Action No: 4:23-cv-197 |
| v. | ) **Jury Trial Demanded** |
| Vidant Health, | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, McKezion Williams ("Plaintiff" or "Mr. Williams"), by and through counsel undersigned, brings this Complaint against Defendant, Vidant Health ("Defendant" or "Vidant") and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") [42 U.S.C. §2000e-2] and 42 U.S.C. § 1981 ("Section 1981").

2. Plaintiff is a Black man who filed multiple complaints with his employer, Vidant, in 2019, 2020, and 2021 regarding racial discrimination due to disparate treatment.

3. On or about September 3, 2021, after filing repeated complaints, Defendant placed Mr. Williams on unpaid administrative leave. Defendant informed Mr. Williams that he could apply for open positions while on leave.

4. Mr. Williams applied to no less than two dozen open positions for which he was qualified between September 2021 and March 2022. However, he was not hired for any of these positions.

5. On April 28, 2022, Defendant terminated Mr. Williams' employment.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and 42 U.S.C. 12203.

7. This Court has personal jurisdiction over Defendant, Vidant, because it, at all times material, continuously conducted business in Pitt County, North Carolina.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district, and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events and omissions giving rise to the claims that occurred in this district.

## CONDITIONS PRECEDENT

9. On or about September 29, 2022, Mr. Williams timely filed a charge, alleging race discrimination and retaliation with the Equal Employment Opportunity Commission's ("EEOC") Raleigh District Office, located at 434 Fayetteville Street, Suite 700, Raleigh, NC 27601. (EEOC Charge Number 433-2023-00032). (See Ex. 1).

10. On or about September 1, 2023, the EEOC issued a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. (See Ex. 2).

## PARTIES

11. Plaintiff, McKezion Williams resides in Greenville, North Carolina, and was an employee at Defendant, Vidant from approximately August 3, 2015 through April 28, 2022.

12. Defendant, Vidant is a non-profit hospital system. Defendant is an employer as defined by 42 USC § 2000e.

13. Based on information and belief, Defendant is comprised of approximately nine hospitals and more than 12,000 employees.

**FACTUAL ALLEGATIONS**

14. On or about August 3, 2015, Mr. Williams accepted an Imaging Informatics position at Defendant's Pitt County Memorial Hospital d/b/a ECU Health Medical Center location, which is located at 2100 Stantonsburg Road, Greenville, North Carolina 27834.

15. In this role, Mr. Williams assisted radiologists and clinical staff in their day-to-day operations.

16. In early 2019, Mr. Williams began expressing his frustration regarding disparate treatment to Defendant's Human Resources and Risk Management Departments.

17. Specifically, Mr. Williams complained of disparate scheduling by his supervisor, Laura Easley ("Ms. Easley").

18. Mr. Williams alleged that Ms. Easley was manipulating the schedule to benefit his white co-workers. He also complained about racist comments and the unfair distribution of job duties.

19. In late 2020, Defendant replaced Ms. Easley with Charlotte Wallace. However, disparate practices continued under her supervision.

20. On or about September 3, 2021, after repeated complaints, Defendant informed Mr. Williams that he was being removed from his position and placed on unpaid administrative leave.

21. Defendant stated that Plaintiff would be allowed to transfer to another department in lieu of being separated from the company.

22. Mr. Williams applied for approximately 24 available jobs with Defendant over the next six months.

23. Defendant failed to transfer Plaintiff to another position and terminated his employment on April 28, 2022.

24. In the termination letter, Allen Hardy from Defendant's Human Resources Department, stated that Mr. Williams had only applied for one position and failed to communicate with Defendant.

25. Mr. Williams struggled for over a year to find steady work following his termination.

## CLAIMS FOR RELIEF

### COUNT I – Unlawful Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

26. Plaintiff repeats and realleges paragraphs 1 – 25 as if fully set forth herein.

27. Plaintiff, a Black man, is a member of a protected class.

28. Plaintiff's job performance was satisfactory.

29. Defendant took adverse employment action against Plaintiff through disparate scheduling in favor of white co-workers, placing him on unpaid administrative leave and terminating his employment.

30. Plaintiff was treated differently than similarly situated employees outside of his protected class.

31. Plaintiff suffered damages as a result of Defendant's unlawful actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

32. Defendant intentionally violated Mr. Williams' rights under Title VII with malice or reckless indifference, and as a result, is liable for punitive damages.

## COUNT II – Unlawful Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

33. Plaintiff repeats and realleges paragraphs 1 – 32 as if fully set forth herein.

34. Plaintiff, a Black man, is a member of a protected class.

35. Plaintiff engaged in protected activity by complaining of disparate treatment based on race.

36. Defendant took adverse employment action against Plaintiff by removing him from his position, placing him on unpaid administrative leave, and terminating his employment.

37. A causal connection exists between Plaintiff's protected activity and Defendant's adverse employment actions.

38. Plaintiff suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

39. Defendant intentionally violated Mr. Williams' rights under Title VII with malice or reckless indifference, and as a result, is liable for punitive damages.

## COUNT III – Unlawful Discrimination in Violation of 42 U.S.C. § 1981

40. Plaintiff repeats and realleges paragraphs 1 – 39 as if fully set forth herein.

41. The discriminatory conduct—including, without limitation, Defendant's termination of Mr. Williams based on his race—constitutes discrimination on the basis of race.

42. Plaintiff suffered adverse employment action when Defendant placed him on unpaid administrative leave and eventually fired him.

43. But for Plaintiff's race, Defendant would not have engaged in such conduct.

44. By discriminating against Plaintiff on the basis of his race, Defendant denied Plaintiff the same right to enjoy the benefits, privileges, terms and conditions of contracts as is and was enjoyed by non-Black citizens, in violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981).

45. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights. Furthermore, Defendant's management countenanced or approved of the racism as exhibited by Defendant's failure to adequately address the conduct Plaintiff was subjected to.

46. As a proximate and direct result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages including emotional distress, inconveniences, loss of income and benefits, humiliation, and other indignities.

47. Accordingly, Plaintiff is entitled to compensatory and punitive damages to the fullest extent permitted by 42 U.S.C. § 1981.

## PRAYER FOR RELIEF

WHERFORE, Plaintiff respectfully requests the Court enter judgment in his favor as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff damages for past and future loss of wages and benefits to the fullest extent permitted by law;

C. Award Plaintiff compensatory and punitive damages to the fullest extent permitted by law;

D. Award Plaintiff pre-judgment and post-judgment interest;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

F. Grant Plaintiff such additional or alternative relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims.

Dated: November 30, 2023

                                                Respectfully Submitted

                                                ___/s/ Kirton M. Madison___
                                                Kirton M. Madison, NC State Bar # 43029
                                                Madison Law, PLLC
                                                8936 Northpointe Executive Park Drive
                                                Suite 240-260
                                                Huntersville, NC 28078
                                                Telephone: (704) 981-2790
                                                Fax: (704) 930-0648
                                                kmadison@madlawpllc.com
                                                *Attorney for Plaintiff, McKezion Williams*